UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS MONTGOMERY,

       Plaintiff,                                    No. 14-11477

v.                                               District Judge Judith E. Levy
                                                    Magistrate Judge R. Steven Whalen

R. STROMBERG,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

On April 11, 2014, Plaintiff Demetrius Montgomery filed a *pro se* civil complaint, naming as a Defendant Dr. R. Stromberg, a physician who treated him at the Dickerson Correctional Facility. The complaint appears to allege deliberate indifference to Plaintiff's serious medical needs, in violation of the Fourteenth and Eighth Amendments. It appears that Mr. Montgomery is no longer at the Dickerson Facility, but he has not provided this Court with a new address.

The case was referred to me for all pretrial proceedings. For the reasons discussed below, and pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 41(b), I recommend that the complaint be *sua sponte* dismissed for failure to prosecute.

**I.   FACTS**

Mr. Montgomery filed his complaint on April 11, 2014, while he was an inmate at the Dickerson Correctional Facility. On April 11, 2014, the Court entered a notice regarding Plaintiff's responsibility to provide notice of any change of address [Doc. #3]. That notice was mailed to Mr. Montgomery on April 23, 2014 [Doc. #7], but returned as undeliverable on April 30, 2014 [Doc. #9]. Mail addressed to Mr. Montgomery at his last

known address was also returned as undeliverable on May 16, 2014 and May 22, 2014. On June 16, 2014, the Court entered an order for Mr. Montgomery to show cause why his case should not be dismissed for failure to prosecute [Doc. #13]. That order was mailed to Mr. Montgomery, but returned as undeliverable [Doc. #14].

## II.   DISCUSSION

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion   in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Under *Knoll v. American Telephone & Telegraph Co.*, *supra,* a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

As to the first factor, it is Mr. Montgomery's fault that we do not know where he is. He filed this complaint, and it is his responsibility to notify the Court if he moves. *See* E.D. Mich. Local R. 11.2. As to the second factor, Dr. Stromberg has not been served, and even if he were served today, Mr. Montgomery's absence would stymie him in any attempt at discovery; thus, a "fair and timely resolution of the litigation" will be impossible. Third, the Court entered a notice reminding Mr. Montgomery of his duty under the Local Rules to provide notice of any change of address. That notice stated that his failure to do so "may result in the dismissal of your case." Finally, although less drastic sanctions have not been imposed, Mr. Montgomery's failure to inform the Court of his present whereabouts shows that he has effectively abandoned his case.

### III.  CONCLUSION

For these reasons, I recommend that this Court *sua sponte* dismiss the complaint under Rule 41(b), for Plaintiff's failure to prosecute.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 13, 2014, electronically and/or by U.S. mail.

s/Marlena Williams<br>
Case Manager